Scott N. Orona (SBN: 129594)
Brian J. McGoldrick (SBN: 169104)
Ahren A. Tiller (SBN: 250608)
Brett F. Bodie (SBN: 264452)
Bankruptcy Law Center, APC
16133 Ventura Blvd., Ste 700
Encino, CA 91436
Phone (800) 492-4033
Attorneys For Debtor(s)

**UNITED STATES BANKRUPTCY COURT**
**Central District of California**
**San Fernando Valley Division**

In Re ANTHONY RAY RUSSO

    Debtor(s),

VICTORIA J. RUSSO

    Creditor,

Case No.: 1:14-bk-13644-AA

DEBTOR'S DECLARATION REGARDING INCOME AND PRENUPTIAL AGREEMNT

I, ANTHONY RAY RUSSO, am over the age of eighteen years and declare the following to be true and correct under the penalty of perjury of the laws of the United States:

1. I filed the instant Chapter 13 bankruptcy case on July 31, 2014.

2. The document entitled "Prenuptial Agreement" attached hereto is a true and correct copy of the Prenuptial Agreement executed by my wife Deirdre Franey and I prior to our marriage.

3. On or about October 1, 2013, I provided Dierdre Franey (my then fiancé) with a $23,000.00 gift which she used as a down payment to purchase a Single Family Residence located at 7447 Newcastle Ave Reseda, CA 91335 (hereinafter "Newcastle Ave Property").

4. I listed and disclosed this gift in the Statement of Financial Affairs #10 as a transfer made within the 2 years preceding my bankruptcy case.

5. On or about late August 2013, I provided $11,550.00 to Pinnacle Properties. This was intended as repayment of monies previously loaned to me by Dierdre Franey for her to use toward her purchase of the Newcastle Ave Property.

6. I inadvertently failed to disclose this $11,550.00 payment to Pinnacle Properties as a transfer on my Statement of Financial Affairs as I believed it was not a transfer, but a loan repayment. My attorney and I are in the process of preparing and filing an amendment to the Statement of Financial Affairs to correct this oversight.

7. The Newcastle Ave Property was purchased on Oct 3, 2013 for $385,000.00. Based on my familiarity with the neighborhood and recent comparable sales, I believe the current value of the Newcastle Ave Property to be approximately $385,000.00.

8. The Newcastle Ave Property is now, and has always been, solely titled in the name of Dierdre Franey. The mortgage is also solely in her name.

9. On July 19, 2014, 12 days prior to filing my bankruptcy case, I married Dierdre Franey.

10. Our Prenuptial Agreement states that the Newcastle Ave Property is her sole and separate property.

11. Our Prenuptial Agreement states that her earnings remain her sole and separate property.

12. In Schedule A of my bankruptcy case I listed her interest in the Newcastle Ave Property as "for disclosure purposes only" and claimed no interest as it is my belief that the Property is her sole and separate property.

13. In Schedules I and J of my bankruptcy case I did not include Dierdre Franey's income, nor her expenses as it is my belief that our Prenuptial Agreement makes her income and debts her sole and separate property.

14. My Schedule J accurately represents the expenses I pay for, including the mortgage payment to the Newcastle Ave Property. My Spouse has large debts and expenses of her own that she pays for and my contribution toward the mortgage is how we have agreed to allocate my income toward the house we live in.

1
2 | Executed At: VAN NUYS, CA
3 | Dated: 5 NOV 2014
4
5 | /signature/                          Dated this Nov 5      , 2014
6                                        Submitted By:
                                         Bankruptcy Law Center, APC
7                                        By:/s/ Brett F. Bodie
                                         Attorney For Party
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DECLARATION OF DEBTOR
3

# EXHIBIT 1 – PRENUPTIAL AGREEMENT

# PRENUPTIAL AGREEMENT

This Prenuptial Agreement ("Agreement") is made May 20, 2014, by and between Deirdre Franey, an adult residing in Reseda, California, and Anthony Russo, an adult residing in Reseda, California, in consideration of the contemplated marriage of the above-named parties. This Agreement shall not be effective until the marriage contemplated by the parties is solemnized.

**RECITALS.** This Agreement is made on the basis of the following facts:

1. The parties contemplate marriage to one another in the immediate future.

2. Both parties have been previously married. Both parties have children.

3. The parties desire to define their rights and responsibilities regarding property and financial matters to the extent these can be foreseen.

4. The parties want to make sure that the debts of Anthony Russo related to court ordered alimony are not the responsibility of Deirdre Franey. Should Anthony Russo be unable to comply with this debt, due to injury, illness, or loss of income Deirdre Franey's income will not be part of Anthony Russo's ability to pay his separate debts. At no time will Deirdre Franey's income and savings be considered "joint." All income for Deirdre Franey will remain the property of Deirdre Franey and all debt incurred separately by Anthony Russo responsibility of Anthony Russo.

## AGREEMENT

In consideration of the marriage about to be entered into by and between the parties and other valuable consideration as described below, the parties mutually agree to the following:

**1. SEPARATE PROPERTY.** Except as otherwise provided in this Agreement, the following property now owned or later acquired by Deirdre Franey shall remain and be her separate property:

- All property, including real or personal property, the income from such property, and the investments and re-investments of such property; and,

- All property acquired by either party by gift, devise, bequest, or inheritance.

The property currently owned by each party is described on Exhibits A and B to this Agreement, which by this reference are incorporated into this Agreement. Such separate property of each party shall be subject exclusively to that party's own individual use, control, benefit and disposition. Neither party shall, before or after the contemplated marriage, acquire for himself or

herself individually, nor for his or her assignees or creditors, any interest in the separate property of the other party, nor any right to the use, control, benefit, or disposition of such property.

    a. Waiver. Additionally, Anthony Russo waives, releases, and relinquishes any ownership or right in the separate property of the other, including the right to use, control, benefit, or dispose of the Deirdre Franey's separate property.

    b. Disposal of Property. Each party shall have the right, at all times, to dispose of or encumber any or all of his or her separate property by deed, bill of sale, gift, trust, will, mortgage, encumbrance, pledge, lien, or charge, without limitation, merely upon his or her own individual signature or act, without the necessity of any joinder, action, or consent by the other party.

    c. Community Property. If the parties now reside in or later become residents of a state, territory or foreign country and under the laws of such jurisdiction the property and interests of the couple are treated differently than as contemplated by this Agreement (such as a community property state) the property interests of the parties shall nevertheless remain as stated in this Agreement.

    d. Cooperation Regarding Documents. There may be times when a party ("Owner"), dealing with his or her own separate property, desires to have the other party ("Non-owner") sign a document for the apparent purpose of relinquishing of record any apparent right of the Non-owner, arising by reason of the marital relationship. Upon request, the Non-owner shall so sign any documents solely for the above purpose. The signing of such documents shall not impose any personal liability upon the Non-owner.

    e. Pension Benefits. Deirdre Franey reserves the right to retain as her sole and absolute separate property, the entire interest in pension benefits now vested, or that become vested in the future, and the right to manage, control, transfer, and convey all such property and dispose of the same by will, beneficiary designation or otherwise, without any interference from Anthony Russo. The parties acknowledge that this Agreement shall constitute an effective waiver of any rights in Deirdre Franey's pension benefit plans. Furthermore, Anthony Russo agrees to execute whatever additional waiver document may be necessary or useful to confirm such waiver of rights to Deirdre Franey's pension benefit plans.

**2. RESIDENCE.** It is the intention of the parties that the residence presently owned by Deirdre C. Franey located at 7447 Newcastle Ave, Reseda, California, shall not be affected by this Agreement. The parties plan to maintain such property as their principal residence.

**3. EARNINGS DURING THE MARRIAGE.** Each party agrees that all of the earnings and accumulations resulting from Deirdre Franey's personal services, skills, efforts, work, and investment earnings, together with all property acquired or income derived from such sources, shall be the separate property of Deirdre Franey, subject to other provisions of this Agreement. Each of the parties understands that except for this Agreement, such earnings and accumulations of the other throughout the marriage would be joint property, and that by this Agreement such earnings and accumulations of Deirdre Franey during the marriage are made the separate

property of Deirdre Franey. It is the expectation of the parties that the earnings and accumulations of both parties, described in this Agreement may be used for joint household expenses or other joint purposes. Such use shall not be construed to imply joint ownership of the earnings or accumulations.

**4. DEBTS.** Each party agrees to be separately liable for his or her debts incurred prior to the marriage.

**5. JOINT PROPERTY.** The parties agree and understand that nothing in this Agreement shall preclude them from acquiring property interests during the course of their marriage as joint tenants with rights of survivorship or as tenants in common with undivided interests. Additionally, nothing in this Agreement shall preclude them from making binding transfers of real or personal property to the other at any time during the marriage.

Nothing in this Agreement shall preclude either party from making provisions for the other party under the terms of a Last Will and Testament, signed before or after the marriage, in which one party provides for the distribution of property to the other in excess of any provisions contained in this Agreement.

Furthermore, nothing in this Agreement shall preclude the parties from voluntarily electing to commingle a part or all of the income from their respective properties for investment purposes or for the purpose of jointly providing for their mutual support and living expenses, or for other reasons.

**6. TAXES.** Nothing in this Agreement shall be construed as waiving (i) any rights of the parties to report their income for federal or state income tax purposes in the same manner as permissible for any other spouses, (ii) any rights provided for spouses under the federal gift tax laws with reference to gifts, or (iii) any rights under the federal estate tax laws with reference to any transfer to which such laws may apply.

**7. REVOCATION.** If the parties decide to revoke this Agreement, they shall do so in a written agreement, signed by both parties in the presence of a notary public or other official authorized to take oaths. Such revocation shall be ineffective until recorded with the recorder in the county where the parties maintain their primary residence or both counties if the parties are maintaining separate residences in separate counties.

**8. ADDITIONAL INSTRUMENTS.** Without any additional consideration, each party shall promptly, at the request of the other, execute, acknowledge and deliver from time to time whatever additional instruments may be required in order to accomplish the intent of this Agreement.

**9. FULL DISCLOSURE.** Each of the parties (i) is of lawful age, (ii) is competent to contract, (iii) is free to enter into the marriage contemplated, (iv) has full knowledge of the other party's property, debts and income, and (v) voluntarily enters into this Agreement. Additionally, each party has full knowledge of the terms and provisions of this Agreement. Specifically, the parties acknowledge and agree that they have disclosed to the other party (prior to the signing of this

STATE OF CALIFORNIA
COUNTY OF LOS ANGELES

On ___6-3-2014___ before me, __Harold H Savin, Notary Public__, personally appeared Deirdre Franey and Anthony Russo, proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) ~~is~~/are subscribed to the within instrument and acknowledged to me that ~~he/she~~/they executed the same in ~~his/her~~/their authorized capacity(ies), and that by ~~his/her~~/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.



_____ (Notary Seal)
Signature of Notary Public

HAROLD H. SAVIN
Commission # 2002103
Notary Public - California
Ventura County
My Comm. Expires Jan 22, 2017

Agreement), the extent and probable value of their respective individual property interests as of the date of this Agreement, by delivering schedules to the other party that reflect those interests, and which schedules were signed by the respective owner and by the party receiving the schedule. The parties specifically acknowledge receipt of the above schedules, which are understood and agreed by the parties to represent a full and complete listing of their respective property interests as of the date of this Agreement.

**10. MISCELLANEOUS PROVISIONS.**

    a. This Agreement shall be binding upon and inure to the benefit of the parties and their respective heirs, administrators, personal representatives, successors, and assigns.

    b. This Agreement sets forth the entire Agreement between the parties with regard to the subject matter of this Agreement. All prior and contemporaneous conversations, negotiations, possible and alleged agreements, and representations with respect to the subject matter of this Agreement are waived, and merged into this Agreement.

    c. If any of the provisions of this Agreement shall be held to be invalid or unenforceable for any reason, the remaining provisions shall continue to be valid and enforceable. If a court finds that any provision of this Agreement is invalid or unenforceable, but that by limiting such provision it would become valid or enforceable, then such provision shall be deemed to be written, construed, and enforced as so limited.

    d. Each party acknowledges that he or she has been advised to seek the advice of a separate lawyer and has had the opportunity to seek the advice of a separate lawyer.

Dated _June 3rd_, _2014_, at Reseda, California.

_____
Deirdre C. Franey

_____
Anthony R. Russo

| In re: | | CHAPTER: 13 |
|---|---|---|
| Anthony Ray Russo | Debtor(s). | CASE NUMBER: 1:14-bk-13644 |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

16133 Ventura Blvd. Ste 700
Encino, CA 91436

A true and correct copy of the foregoing document entitled (*specify*): Declaration of Debtor and Attached Exhibit 1 will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **November 5, 2014**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:
 (x) Elizabeth F. Rojas, Trustee - cacb_ecf_sv@ch13wla.com
 (x) US Trustee - ustpregion16.wh.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **November 5, 2014**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.
 (x) Judge's copy
   Hon Alan M. Ahart
   21041 Burbank Blvd
   Ctrm 303/Ste342
   Woodland Hills, CA 91367

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 11/5/14 | Brett F. Bodie | /s/ Brett F. Bodie |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **9013-3.1.PROOF.SERVICE**